## Hazard Bank & Trust Company v. Morgan, et al.

(Decided November 10, 1925.)

### Appeal from Perry Circuit Court.

1. Bills and Notes—Notice of Dishonor Not Required where Drawer Countermanded Payment.—Under Negotiable Instrument Law (Ky. Stats., section 3720b-114), notice of dishonor is not required to recover on check, where drawer countermanded payment.

2. Bills and Notes—Delay in Presenting Check Short of Period of Limitations for Action on Check or Original Consideration Does Not Release Drawer from Liability Except to Extent of Loss Thereby.—Under Negotiable Instrument Law (Ky. Stats., section 3720b-186), as before enactment thereof, delay short of period prescribed by statute of limitations for action on check or original consideration in presenting it to drawee for payment does not release drawer from liability, unless he suffered loss or injury thereby, and then only pro tanto.

3. Bills and Notes—Petition, Showing that Check Sued on was Not Honored Because Drawer Countermanded Payment, Not Bad on Demurrer for Failure to Allege that Drawer was Not Injured by Delay in Presentment.—Petition showing that check sued on was not honored because drawer countermanded payment is not bad on demurrer for failure to allege that drawer was not injured by delay in presentment.

4. Bills and Notes—Defense that Plaintiff is Not Holder of Check Sued on in Due Course Cannot be Raised by Demurrer.—Drawer's defense to suit on check that plaintiff was not holder in due course cannot be raised by demurrer, but must be pleaded.

WOOTTON, SMITH & WOOTON for appellant.

J. T. BOWLING and F. J. EVERSOLE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In this action by the Hazard Bank & Trust Company against Jesse Morgan, the drawer, and Pat L. Bryant, the drawee, of a $1,000.00 check, the court sustained Morgan's demurrer to and dismissed the petition. The bank has appealed.

With the exception of the prayer, the petition is as follows:

"The plaintiff says it is a corporation duly organized and existing under the banking laws of the state of Kentucky, with power to sue and be sued, contract and be contracted with, and do a general banking business, with its chief office and place of business in Hazard, Ky.

"Plaintiff states that on December 22, 1923, the defendant, Jesse Morgan, issued to his co-defendant, Pat L. Bryant, a check on the First National Bank of Hazard, Ky., for $1,000.00 by which he agreed to pay the said Pat L. Bryant said amount; that the defendant, Pat L. Bryant, in the regular course of business, presented this check to this plaintiff and procured from it cash on same to the amount of $1,000.00 and then and there endorsed said check by writing his name upon the back of same. Plaintiff states that in the regular course of business and during banking hours, it presented said check to the First National Bank of Hazard and demanded payment thereon, but that payment was refused by the bank; the reason given for not paying same was that payment had been ordered stopped by the defendant, Jesse Morgan.

"It further states that on February 7, 1924, it again presented said check, the previous presentation having been made prior to this time, and again demanded payment but payment was again refused, and said check was then and there protested for nonpayment, the protest fees thereon amounting to $1.79, which was paid by the plaintiff.

"Plaintiff says that no part of said check has been paid to it or to anyone for it by either the defendant, Jesse Morgan, or Pat L. Bryant, that said amount is a just demand against the said defendants and that it ought to recover thereon the amount of the check, $1,000.00, together with protest fee of

$1.79, with interest from December 22, 1923. Said check and protest certificate are filed herewith and made a part hereof."

No brief has been filed for Morgan, the drawer of the check, and we are not advised of the ground on which the demurrer was sustained. If it was on the theory that proper notice of dishonor was not given, we need go no further than to say that notice of dishonor is not required to be given where the drawer has countermanded payment, section 3720b-114, and the allegations of the petition are sufficient to show that this was done. If it was on the theory that the petition did not show that the check was presented for payment within a reasonable time and that the drawer was thereby released, the contention can not be sustained. Long before the enactment of the Negotiable Instrument Act it was the established rule that delay short of the period prescribed by the statute of limitations for an action on the check or the original consideration in presenting a check to the drawee for payment does not release the drawer from liability either on the check or the original consideration for which it was given, unless he has suffered some loss or injury thereby, and then only *pro tanto*. Serle v. Norton, 2 Moody & R. 401; Smith & Campbell v. Jones, 2 Bush 103. The same rule is adhered to in the Negotiable Instrument Act, which provides:

"A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." Section 3720b-186, Kentucky Statutes.

Even if it be conceded that the drawer of a check is presumed to have been injured by delay in its presentment, we conclude that where it appears from the petition that the check was not honored because the drawer had countermanded its payment the petition is not bad on demurrer because of the failure to allege that the drawer was not injured by the delay.

Of course, any defense that the drawer may have based on the theory that the bank is not a holder in due course can not be raised by demurrer, but must be pleaded, and, further than this, we express no opinion on that phase of the case.

On the whole we conclude that the petition stated a cause of action against Morgan, the drawer, and that his demurrer thereto should have been overruled.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.